## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## EL PASO DIVISION

| | |
|---|---|
| FERNANDO FORNELLI, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 3:20-cv-00051 |
| I.Q. DATA INTERNATIONAL, INC., | DEMAND FOR JURY TRIAL |
| Defendant. | |

## <u>COMPLAINT</u>

NOW comes FERNANDO FORNELLI ("Plaintiff"), by and through his attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of I.Q. DATA INTERNATIONAL, INC. ("Defendant"), as follows:

### NATURE OF THE ACTION

1.  Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.*, and the Texas Debt Collection Act ("TDCA") under Tex. Fin. Code Ann. § 392 *et seq.,* for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2.  This action arises under and is brought pursuant to the FDCPA.  Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

3.   Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Western District of Texas and a substantial portion the events or omissions giving rise to the claims occurred within the Western District of Texas.

### PARTIES

4.   Plaintiff is a consumer over the age-of-18, residing in El Paso County, Texas, which lies within the Western District of Texas.

5.   Plaintiff is a natural "person," as defined by 47 U.S.C. §153(39).

6.   Defendant provides third party debt collection services.  Defendant's principal place of business is located at 21222 30th Drive, Suite 120, Bothell, Washington 98028.  Defendant regularly collects upon consumers located within the State of Texas.

7.   Defendant is a "person" as defined by 47 U.S.C. §153(39).

8.   Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

### FACTS SUPPORTING CAUSES OF ACTION

9.    The instant action stems from Defendant's attempts to collect upon an outstanding balance that Plaintiff purportedly owes in connection with a residential apartment lease ("subject debt").

10.  In late 2019, Plaintiff began receiving calls from Defendant, who was seeking to collect upon the subject debt.

11.  During Plaintiff's initial conversation with Defendant, Plaintiff requested that Defendant send him an itemized bill so he can familiarize himself with the exact nature of the charges included in the subject debt.

12.   Rather than alleviate Plaintiff's concerns, Defendant's representative began berating Plaintiff, and even threatened to go after Plaintiff at his place of employment.

13.   Defendant's conduct was so upsetting to Plaintiff that Plaintiff hung up the phone.

14.   In response, Defendant called Plaintiff back three (3) more times in an effort to harass Plaintiff into submission.

15.   Defendant has called Plaintiff's phone multiple times during the same day on a number of occasions.

16.   Startled by Defendant's actions, Plaintiff returned its call and spoke with a supervisor, who similarly yelled and threatened Plaintiff, stating that Defendant will make him pay when it goes after Plaintiff's job.

17.   Frustrated over Defendant's conduct, Plaintiff spoke with Sulaiman regarding his rights.

18.   Plaintiff has incurred costs and expenses consulting with and retaining his attorneys as a result of Defendant's conduct.

19.   Plaintiff has suffered concrete harm due to Defendants conduct, including but not limited to, aggravation, undue anxiety and emotional distress.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

20. Plaintiff repeats and realleges paragraphs 1 through 19 as though fully set forth herein.

21. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

22. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

23. Defendant identifies itself as a debt collector, and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed

or due to others. Defendant has been a member of the Association of Credit Collection Professionals, an association of debt collectors, since 2007.[1]

24. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

### a.  Violations of FDCPA § 1692d

25. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." §1692d(2) forbids "[t]the use of obscene language or language the natural consequence of which is to abuse the hearer or reader."

26. Defendant violated 15 U.S.C. §1692d and d(2) when it used harassing debt collection methods to collect upon the subject debt. The harassing nature of Defendant's collection campaign is highlighted by its unwarranted threats to Plaintiff, including the threat of extracting payment directly from Plaintiff's employer, and putting Plaintiff's employment in jeopardy.  This verbal assault would naturally abuse any consumer, especially when that consumer is simply attempting to inquire about the underlying debt.

27. The FDCPA, pursuant to 15 U.S.C. §1692d(5), further prohibits a debt collector from "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

28. Defendant violated §1692d and d(5) when it repeatedly called Plaintiff multiple times during the same day.  Defendant called Plaintiff at least five (5) times in a single day, and even placed multiple calls to Plaintiff after its representatives threatened Plaintiff. This repeated

---

[1] https://www.acainternational.org/search#memberdirectory

behavior of systematically calling Plaintiff's phone and using abusive language shows that Defendant's goal was to abuse and harass Plaintiff.

**b. Violations of FDCPA § 1692e**

29. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

30. In addition, this section enumerates specific violations, such as:

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

31. Defendant violated §1692e and e(10) when it used deceptive means to collect and/or attempt to collect the subject debt. Defendant implicitly represented that it could harass and oppress Plaintiff when it attacked Plaintiff with threats and intimidating language. This type of behavior is explicitly prohibited by the FDCPA. Defendant's actions only served to worry and confuse Plaintiff, who was innocently attempting to address the subject debt.

**c. Violations of FDCPA § 1692f**

32. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

33. Defendant violated §1692f by employing unfair means to collect upon subject debt from Plaintiff. Specifically, it was unfair for Defendant to use personal attacks and unlawful threats to assault Plaintiff in its debt collection campaign. Any reasonable fact finder will conclude that Defendant's verbal assault was an unfair and unconscionable effort to collect upon the subject debt.

34. As pled in paragraphs 17 through 19, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiff, FERNANDO FORNELLI, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

e. Enjoining Defendant from further contacting Plaintiff seeking payment of the subject debt; and

f. Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT II – VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT

35. Plaintiff restates and realleges paragraphs 1 through 34 as though fully set forth herein.

36. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

37. Defendant is a "third party debt collector" as defined by Tex. Fin. Code Ann. § 392.001(7).

38. The subject debt is a "consumer debt" as defined by Tex. Fin. Code Ann. § 392.001(2) as it is an obligation, or alleged obligation, arising from a transaction for personal, family, or household purposes.

### a. Violations of TDCA § 392.302

39. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.302(1), states that "a debt collector may not oppress, harass, or abuse a person by using profane or obscene language intended to abuse unreasonably the hearer or reader[.]"

40. Defendant violated the TDCA by using verbal attacks and extreme threats for the express purpose of abusing Plaintiff. By stating that Defendant will come after Plaintiff's employment,

Defendant transparently attempted to harass Plaintiff into submission. Consequently, Defendant's debt collection practices violated the TDCA.

WHEREFORE, Plaintiff, FERNANDO FORNELLI, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Entitling Plaintiff to injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1).

c. Awarding Plaintiff actual damages, pursuant to Tex. Fin. Code Ann. § 392.403(a)(2).

d. Awarding Plaintiff  punitive damages, in an amount to be determined at trial, for the underlying violations;

e. Awarding Plaintiff costs and reasonable attorney fees, pursuant to Tex. Fin. Code Ann. § 392.403(b);

f. Enjoining Defendant from further contacting Plaintiff seeking payment of the subject debt; and

g. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: February 24, 2020                                    Respectfully submitted,

s/ Nathan C. Volheim                                    s/Taxiarchis Hatzidimitriadis
Nathan C. Volheim, Esq. #6302103            Taxiarchis Hatzidimitriadis, Esq. #6319225
*Counsel for Plaintiff*                                    *Counsel for Plaintiff*
Admitted in the Western District of Texas    Admitted in the Western District of Texas
Sulaiman Law Group, Ltd.                          Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200          2500 South Highland Ave., Suite 200
Lombard, Illinois 60148                              Lombard, Illinois 60148
(630) 568-3056 (phone)                              (630) 581-5858 (phone)
(630) 575-8188 (fax)                                    (630) 575-8188 (fax)
nvolheim@sulaimanlaw.com                      thatz@sulaimanlaw.com